UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW L. MERCADO,

            Plaintiff,

        -against-

TOWN OF GOSHEN, *et al.*,

            Defendants.

20-CV-5389 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

     Plaintiff, who is incarcerated at the Orange County Correctional Facility, is proceeding *pro se* and *in forma pauperis* (IFP). Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated August 12, 2020, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on September 2, 2020, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

     The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Named as Defendants in the original complaint are the Town of Goshen, the Orange County Correctional Facility (OCCF), the Orange County Jail "Administration/Mail," and the OCCF Chief Administrative Officer. Plaintiff alleges that on June 30, 2020, an unknown facility employee opened a piece of confidential legal mail when Plaintiff was not present. An attachment to the complaint shows that the envelope was sent from the Ninth Judicial District

Court in White Plains, New York, to Plaintiff. (ECF 1 at 10.) Plaintiff filed a grievance about the incident. According to the grievance response, no one on staff acknowledged opening the envelope, and that while the envelope should not have been opened, there was no indication that its contents had been read. (ECF at 8.) Plaintiff alleges that "now" his mail "has been delayed and sent late from here numerous times," causing him "mental anxiety."

Plaintiff seeks money damages and his "freedom back." (*Id.* at 6).

In the August 12, 2020 order to amend, the Court construed the complaint as asserting that Defendants had interfered with Plaintiff's access to the courts and tampered with his mail, in violation of the First Amendment. The Court held that the matter could not proceed because: Plaintiff did not allege injury to an ongoing legal matter; the complaint did not state a claim against the Town of Goshen; the OCCF was not a proper defendant, and the pleading did not explain how any individual defendant was personally involved in violating Plaintiff's constitutional rights. The Court granted Plaintiff leave to file an amended complaint.

In his amended complaint, Plaintiff again names the Town of Goshen and the OCCF, and adds as defendants Chief Administrative Officer Captain Cutletti, Sgt. Kiszka, Officer T. Rodrigues, Sgt. Mann, and John Doe. Plaintiff asserts that his confidential legal mail was opened outside of his presence "for no good reason"; that Sgt. Kiszka "accepted" Plaintiff's grievance, investigated the matter, and said "that no one upstairs in the administration is owning up to who opened it up, read it, and why." According to Plaintiff, Kiszka "took pictures & completely agreed that [the letter] was addressed to me & that the administration & mail officers "F'd up" in a major way violating my rights." Plaintiff alleges that Rodrigues and Kiszka "know exactly who opened my mail & why but refuse to tell me & that's unacceptable & illegal," and that they are "cover[ing]" for "the jail's actions." Finally, Plaintiff alleges that he has "mailed many letters

3

that have been tampered with as well as some to Santana Law Firm that never were received ever." (ECF 8 ¶ V.)

## DISCUSSION

The amended complaint is dismissed for the reasons set forth in the August 12, 2020 order to amend. Plaintiff provides no facts showing that a defendant's conduct resulted in actual injury, such as the dismissal of an otherwise meritorious legal claim. *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *Lewis v. Casey,* 518 U.S. 343, 350-53 (1996). And there are insufficient facts to suggest that defendants subjected Plaintiff to regular and unjustifiable interference with his mail that affected his ability to correspond with those on the outside. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); *Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

In short, Plaintiff does not allege any injury beyond the opening and reading of a piece of legal mail outside of his presence. While this may be contrary to OCCF practice, prisoners do not have a constitutional privacy interest in legal materials. *Cf. Davis v. Buffardi*, No. 01-CV-0285, 2005 WL 1174088, at *4 (N.D.N.Y. May 4, 2005) ("Defendant Nealon's purported reading of Plaintiff Davis's legal materials, without more, does not state a constitutional claim." (citing *Warburton v. Goord*, 14 F. Supp. 2d 289, 293 (W.D.N.Y. 1998))); *Newman v. Holder*, 101 F. Supp. 2d 103, 107 (E.D.N.Y. 2000) (holding that the "mishandling" of legal mail, in the absence of any further injury, does not give rise to a viable § 1983 claim).

Because Plaintiff does not allege any such injury, the amended complaint fails to state a claim on which relief may be granted.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity

4

to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:   September 21, 2020
        New York, New York

                                                  *Louis L. Stanton*
                                                  Louis L. Stanton
                                                     U.S.D.J.